# Dainty, Appellant, *v.* Jones & Laughlin Steel Company.

*Workmen's compensation—Course of employment—Findings—Appeal—Act of June 2, 1915, P. L. 736.*

1. The mere fact that each finding of a referee in proceedings under the Workmen's Compensation Act, is not formally labelled by him, as a finding of fact or conclusion of law, in no way changes their actual character.

2. Where a series of facts are found by the referee, showing, in themselves, that an employee was injured upon the premises of his employer, the lack of a formally stated conclusion that the injury so occurred, is not fatal to the referee's adjudication.

3. In a proceeding under the Workmen's Compensation Act to recover damages for the death of a locomotive engineer, where it is claimed that the deceased had been discharged from the employment for the night, shortly before the accident, and the referee and the Workmen's Compensation Board, after considering what

was said and done at the time of the alleged dismissal, together with all the attending circumstances, concluded that deceased had neither been discharged nor quit his job, it is reversible error for the Court of Common Pleas, on appeal, to set aside such decision.

Submitted Oct. 14, 1918. Appeal, No. 63, Oct. T., 1918, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1918, No. 1519, setting aside award of Workmen's Compensation Board in case of Hattie Dainty v. Jones & Laughlin Steel Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and FOX, JJ. Reversed.

Appeal from award of Workmen's Compensation Board. Before WASSON. J.

*Error assigned* was order setting aside the award.

*Luther W. Mendenhall* and *H. Fred Mercer*, for appellant.

*Clarence Burleigh, William A. Challener* and *Frank McC. Painter*, for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 4, 1919:

F. E. Dainty was employed by the Jones & Laughlin Steel Co., as a locomotive engineer; on February 24, 1917, he reported for work at the usual hour, and started his engine; subsequently he left the locomotive in charge of a fireman, who operated it for several trips, Dainty in the meantime retiring to a nearby shanty on his employer's premises; "while there the assistant general labor foreman and yardmaster, Mr. Thompson, spoke to him and asked what was the matter, and if he had too much pay day; he responded, 'No, not exactly, that he was mad at himself and everybody else'; Mr. Thompson then said, 'If that is the way you feel, you had better take a night off'; he replied 'All right,' but still remained about the premises, and about 7:30 or 7:45

the crew started to spot furnaces Nos. 2 and 4, of which fact the deceased was informed......, and Robert Groves, one of the crew, climbed on the engine and the deceased climbed out on the footboard of the engine, or one of the ladles, and, during the trip, in some way fell to the tracks, the ladles passing over his body, severing the head and mangling the body, resulting in instant death; when found, his watch, which had been broken, had stopped at 18 minutes to 8 o'clock."

The proceeding was under the Act of June 2, 1915, P. L. 736, and, on the foregoing findings, inter alia, the referee made an award of compensation to the widow and children of the deceased; an appeal was taken to the compensation board, on questions of fact, and, in affirming, Commissioner SCOTT, speaking for the board, states: "The referee has found as a fact that, at the time the employee suffered the injury, he was in the course of his employment and engaged in the furtherance of the business or affairs of his employer, on the employer's premises. The assistant labor foreman, S. E. Thompson, had a conversation with Dainty, some time before the accident, and, from what passed between them at the time, it is contended by defendant that Dainty was dismissed from his employment for the night, that the relation of employer and employee was suspended for the time at least, that he was not in the course of his employment, as contemplated by the act, when killed, and that the claimant is not entitled to compensation as dependent widow. Whether there is sufficient evidence to sustain the finding by the referee is the decisive matter in the case. When all the testimony bearing on the question of the employee's alleged dismissal by the labor foreman is fully considered, we think there is sufficient evidence in the record to sustain the finding."

An appeal was then taken to the Common Pleas of Allegheny County, which tribunal reversed the compensation board, stating: "To make a successful claim

under the act the relation of employer and employee must have existed at the time of the accidental injury. The plain deduction from the conversation between the deceased and the assistant general labor foreman and yardmaster, included in the findings of fact, is that, prior to the accident, he had been discharged for the night by his superior officer......and that he had acquiesced in and accepted the discharge; having been discharged, it was his duty to promptly quit the premises....... The referee erred in concluding, as a matter of law, from the findings, that the death of plaintiff's husband occurred in the course of his employment, and .......the board erred in dismissing the plaintiff's appeal and confirming the award of the referee."

The compensation board properly disposed of this case, and its adjudication should have been affirmed by the court below. The ultimate findings and conclusions of the referee are, in substance, correctly reported by Commissioner SCOTT, and the mere fact that each finding of the referee is not formally labelled by him as a finding of fact or conclusion of law, in no way changes their actual character; again, where a series of facts are found, showing, in themselves, that an employee was injured upon the premises of his employer (as in the present case), the lack of a formally stated conclusion that the injury so occurred is not fatal to the referee's adjudication. As stated in Flucker v. Carnegie Steel Co. (decided herewith), 263 Pa. 113, "under the [compensation] act, those charged with the grave responsibility of finding the facts are not required to be learned in the law, and, in many cases, they lack the assistance of trained practitioners; hence the same precision in their adjudications as otherwise might be looked for, expected and required, can not be insisted upon."

The controlling question concerns the alleged discharge of Dainty prior to the accident which caused his death, and the answer to that involves the deter-

mination of pure issues of fact. The compensation authorities, whose particular province it is to find the facts, after considering what was said and done at the time of the alleged dismissal, together with all the attending circumstances, concluded that deceased had neither been discharged from nor quit his job; on a consideration of the underlying findings, it could not properly be held that this conclusion was utterly lacking in support, and the learned court below stepped beyond its authority, under the statute, when it undertook to reach a contrary conclusion.

The issue of the alleged discharge being decided against the employer, the conclusion, on the other findings in the case, that the deceased met an accidental death during the course of his employment with defendant company, follows as a matter of course; hence the court below erred in setting aside such conclusion and substituting therefor its own "deduction."

The judgment of the common pleas is reversed and the order of the referee, approved by the compensation board, is affirmed.