PATRICK FOLEY

*vs.*

DANA WARP MILLS & AMERICAN MUTUAL LIABILITY INSURANCE COMPANY.

Cumberland County. Decided March 7, 1923. This is a case in which total disability had ended on the 24th of August, 1921, and the present petition is based upon the claim of partial disability. An award for partial disability depends upon the claimant's earning capacity. The only question, therefore, presented in the present case is one of fact—whether the Commissioner had any evidence

upon which to base his decision.  After hearing the testimony and discussing Section 15, under which the petition was brought, he comes to this conclusion:  That the difference between his earning capacity before the accident and the established earning capacity since August 24, 1921, is fourteen and five tenths cents.  Based upon that finding under the provisions of Section 15, he ordered and decreed that the Dana Warp Mills, or its Insurance Carrier, the American Mutual Liability Insurance Company, pay Patrick Foley compensation in the sum of nine cents per week commencing August 24th, 1921, and continuing according to the provisions of Section 15. The nature and extent of the claimant's disability was a question of fact upon which the finding of the Commissioner was final if there was any evidence upon which it could be based.  A careful reading of the testimony is convincing that there was some evidence upon which the Commissioner was authorized to base his conclusion.  The law does not require that he shall be controlled by the express language of the petitioner or his witnesses, or even of the physician who testified in the case.  It was his privilege and province to pass upon the credibility of the testimony and consider it in connection with the circumstances and probabilities tending to prove or disapprove the testimony.  The fact of what the petitioner had been earning might have been considered by the Commissioner as important evidence of his capacity to earn, and he did find, as a matter of fact, that Foley's earning capacity from September 11, 1921, to January 25, 1922, was $25.10 as compared with his earning capacity of $25.245 at the work he was doing when injured.  From all the other evidence in the case, including the testimony of the doctor, whose testimony appears from the following question and answer, we are of the opinion that there was evidence to warrant the Commissioner's conclusion:  Q.  "He was doing work he successfully done for four months and five days. Don't you think if he done work that long he could have kept on and worked longer?"  A.  "Yes, I think he could."

Under a statute that provides that the finding of the Chairman shall be final upon the questions of fact in the absence of fraud, we are of the opinion that the court is not authorized to intervene in this case and set aside the finding.  Appeal dismissed.  *William Lyons*, for claimant.  *Andrews, Nelson & Gardiner and Eben F. Littlefield*, for respondents.