## WILLIAM J. PHILLIPS' CASE.

### Androscoggin.    Opinion April 22, 1924.

*A decree awarding a specific compensation under Section 16 of the Workmen's Compensation Act modified.*

In this case the compensation agreed upon under Section 16 began to run on the 14th day of August, 1922, the date of the amputation, and the decree is modified by adding at the end the following words:    "From the first payment due here-under there shall be deducted all compensation under the agreement of August 28th, 1922, accruing after August 14th, 1922, and heretofore paid.

On appeal.    Claimant was totally incapacitated by an injury on April 5th, 1922, and on April 15th, 1922, an agreement was entered into between the employer and claimant, duly approved, that under Section 14 of the Workmen's Compensation Act, compensation should be paid and was paid according to the terms of the agreement. On August 14th, 1922, it became necessary to amputate the thumb,

third finger and fourth finger of the right hand, and from this date it was agreed that compensation should be allowed and paid under Section 16 of the act.   On October 14th, 1922, a petition for review was filed by the insurance company, on which a hearing was held on November 2d, and upon an agreed statement of facts the Chairman of the Commission awarded compensation in the sum of $16.00 per week for a period of eighty-three weeks from August 14th, 1922, as specific compensation for the loss of the thumb and two fingers, and in addition thereto such further compensation as claimant may be entitled to under the provisions of the Act, from which decree respondents entered an appeal.   Appeal dismissed and decree modified.

The case is fully stated in the opinion.

*George C. Webber*, for claimant.

*Hinckley & Hinckley*, for respondents.

SITTING:  SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, DEASY, JJ.

SPEAR, J.   This case comes up on appeal from the sitting Justice upon the following abbreviated agreed statement of facts dated November 2d, 1922.   On April 5th, 1922, while in the employ of the Auburn Electrical Company, William J. Phillips, the petitioner, received a personal injury by accident largely to his right hand so that he was totally incapacitated for work from April 5th, 1922 to date.

An agreement as to payment of compensation under Section 14 of the Workmen's Compensation Act, was entered into between the employer and employee on April 28th, 1922, which was approved by the Commissioner of Labor, May 15th, 1922.   Compensation began on April 12th and has continued according to the terms of the agreement to date.

On August 14th, 1922, it was found necessary to amputate the thumb, third finger and fourth finger of Mr. Phillips' right hand because of the injury of April 5th, 1922.

It is agreed that Mr. Phillips is entitled under Section 16 to compensation for eighty-three weeks at the rate of $16.00 a week for whatever period he may be allowed compensation because of the loss of the fingers and thumb.

As presented this case involves simply an interpretation of Sections 14 and 16 of the Workmen's Compensation Act, Public Laws of 1919, Chapter 238, and amendments thereto, which has not yet been fully passed upon in this State. Section 14 provides for compensation in case of total incapacity and the compensation continues, unless otherwise terminated, for a period of five hundred weeks. The agreement for compensation in the present case was of open end—without limit as to the time it should run.

On the 14th day of October, 1922, the insurance company carrying the liability filed a petition for the purpose of modifying or ending the agreement for compensation of April 28th, 1922. The parties met for a hearing whereupon the foregoing agreed statement was made, which brings the case before this court. It now appears from the agreed statement that "the only question at issue in this case is the time from which the period of specific compensation to which Mr. Phillips is entitled, under the provisions of Section 16 of the Workmen's Compensation Act, shall commence to run"; whether Section 16 shall supplant the operation of Section 14 from the beginning, April 12th, 1922, or from the date of the amputations, August 14th, 1922. The chairman of the Commission, in an able and exhaustive opinion, found that the eighty-three weeks under Section 16 should begin to run from August 14th, the date of the amputations. We think his decision is correct.

It should be here noted that no question whatever is raised as to the mode of procedure. And only the issue presented by the agreed statement is considered in this opinion.

Section 14 applies to total disability and contemplates a period of not more than five hundred weeks. It applies to nothing else precisely as if it had been the only provision in the Compensation Act. Up to August 14th, Section 14 applied absolutely and alone, as the employee was entitled to immediate compensation for his injuries. This section as before noted was the only provision that was available, operative and controlling up to August 14th, the date of the amputation. Up to this time the petitioner had lost no members and Section 16, consequently, had no application whatever. No occasion at this time had arisen upon which it could be invoked. Furthermore, it is a matter of common knowledge that amputation, following injuries, may be deferred for days, weeks, or months before the necessity of amputation can be determined. It is a delay based

upon surgical judgment, in a desire and hope to save the injured member. These palpable facts must have been assumed to be matters in contemplation of the Legislature in the enactment of Sections 14 and 16. The Legislature did not, however, give Section 16 retroactive effect. Nor do we find by the phraseology expressed or implied, or by interpretation of the whole act in *pari materia,* that it suggests that Section 16 should be construed to have a retroactive effect. It would seem apparent, however, that unless Section 16 is construed to have retroactive effect the respondent's contention cannot prevail.

Our opinion is, that Section 16 began where Section 14 left off, and that Section 14 covering total disability, plus Section 16 covering loss of members, presents a natural and reasonable interpretation of the two sections, when construed together, is in accord with the intention of the Legislature, is consistent with every other provision of the act and gives the employee no more than just compensation, as the result of his injuries. *Addison* v. *Wood Company,* 207 Mich., Page 319, 174 N. W., 149; *Curtis* v. *Hayes Wheel Company,* 178 N. W., 675. These cases are conceded by respondents to be in point.

Moreover, the construction invoked by the respondent would render the two sections inconsistent with each other and inconsistent with the intent and purpose of the whole act. Suppose in the present case the employee had received compensation, under Section 14, for one hundred weeks, as he might under that section, and at the end of that period it had become apparent that amputation was necessary; then the employee would be entitled to compensation for only eighty-three weeks from the beginning, while he had actually received compensation for one hundred weeks, and would thereby be indebted to the respondent for seventeen weeks.

Our conclusion is, that the able and helpful opinion of the chairman was correct in its analysis of the statute and that the decree should be confirmed as modified.

If any question should arise with reference to the concurrent operation of the two sections it is proper for the court to remark that double or concurrent compensation should not be allowed for the period from August 14th to November 2d, as already pointed out, and if allowed under the decree, should be deducted from the full amount so allowed.

Decree modified by adding at the end the following words: ''From the first payment due hereunder there shall be deducted all compensation under agreement of August 28, 1922, accruing after August 14, 1922 and heretofore paid.''