JAMES O. MARTIN'S CASE.

Cumberland.    Opinion March 16, 1926.

*The finding of the Industrial Accident Commission unwarranted on the evidence.*

In this case the Commission made the finding that usefulness and physical functions of the eye were totally and permanently impaired and ordered compensation appropriate to statutory provision upon undisputed testimony that the disability was less than 18%.

On appeal.    The claimant while in the employ of A. H. Ward & Son as ·a carpenter received an injury to his right eye from some foreign substance getting into it and was awarded compensation in the sum of $16 per week for a period of one hundred weeks because of a 100% permanent impairment to the usefulness and physical functions of the right eye due to the injuries received by him as alleged, and from an affirming decree respondents appealed, alleging that the disability was not a total disability.    The appeal sustained, the decree below reversed, and the case remanded.

The case is sufficiently stated in the opinion.

*Harry E. Nixon,* for claimant.

*Hinckley & Hinckley and J. Frank Scannell,* for respondents.

SITTING:    WILSON, C. J., PHILBROOK, DUNN, MORRILL, DEASY, BARNES, JJ.

DUNN, J.    The merits of the pending dispute under the system for making amends for industrial accidents are for the time being so distinctly with the appealing insurance company as to incite the saying with a new emphasis that no tenable case is against the position that in such situations it is harmful error for the Industrial Accident Commission to take for granted that essential facts are in their true proportion and perspective when they are not.

This appellee had suffered compensable injury in one of his eyes. He and the employer's insurance carrier made an open-end agreement, that is, they agreed upon the amount to be paid for partial incapacity

from a given time for an indefinite period, and the Labor Commissioner lent approval. R. S., Chap. 50, Secs. 30 and 35, as amended; *Eva M. Healey's Case,* 124 Maine, 54.

Thirteen months later the present petition, alleging in effect that whereas the accident immediately lessened the petitioner's sight more than half, the resultant is that film shuts out his seeing clearly, was filed. All which an answer denied.

One witness, and but one, an eminent specialist, testified at the hearing. He had treated the eye: the extreme comparative loss of functional ability, on the assumption of no previous visual diminution, was less than 18%; and with respect to the man's economic faculty of sight when injured, 10%.

There was this evidence without more, and even it would not have been, had not the now appellant called the witness.

The full commission made the finding that usefulness and physical functions of the eye were totally and permanently impaired and ordered compensation appropriate to statutory provision, toward which the temporary-disability payments should count. Eventually the underwriter entered an appeal.

Why the petitioner, whose clear rights were involved, was mute as a mouse at the hearing, is not indicated. The record contains the implications, that he attended without counsel, and as the brief of the appellant gracefully recognizes, that the medical man in witnessing his estimate of the percentage of permanent impairment may have overlooked a constitutive factor.

Certain it is that the finding complained of has no evidential support; there is the adduction of proof that impairment will continue in the same state, but in degree so less and so distant from the finding that obviously that is not grounded upon testimonial foundation.

It may be consistent to supply deficiency, on recourse to the Commission, that final decision may follow more thorough hearing. The authority to recommit is necessarily implied in some circumstances. *McKenna's Case,* 117 Maine, 179; *Maxwell's Case,* 119 Maine, 504; *Gauthier's Case,* 120 Maine, 73.

The appeal is sustained, the decree below reversed, and the case remanded.

*So ordered.*