### Wilfred BOLDUC
#### v.
### PIONEER PLASTICS CORPORATION &/or American Mutual Liability.

Supreme Judicial Court of Maine.

April 2, 1973.

---

Fales & Fales by Roscoe H. Fales, Lewiston, for plaintiff.

Mahoney, Robinson, Mahoney & Norman by Robert F. Hanson, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, WERNICK and ARCHIBALD, JJ.

DUFRESNE, Chief Justice.

This is an appeal under 39 M.R.S.A. § 103 from a pro forma decree of the Superior Court reflecting as it must the decree of the Industrial Accident Commission ordering that "compensation be paid to the Employee at the rate of fifty (50%) percent, being Thirty-five dollars and sixty-two cents ($35.62) per week in the event the Employee does not find employment, and at varying rates if he does until further order of the Industrial Accident Commission." Plaintiff contends that the Commission erred as a matter of law when it decreed compensation for partial incapacity instead of allowing benefits based on total disability as prayed for in his petition for further compensation.

On June 23, 1970 Wilfred Bolduc while employed by Pioneer Plastics Corporation sustained a compensable injury when in the course of his work as janitor-custodian he incurred a tear of the rotator cuff of the right shoulder. Surgical intervention was made to repair the injury and, while undergoing post-operative treatment and during convalescence, Bolduc was totally incapacitated for work within the purview of 39 M.R.S.A. § 54 and received compensation benefits for 16⅝ weeks at the rate of $71.23 upon agreement of the parties approved by the Commissioner of Labor and Industry pursuant to 39 M.R.S.A., § 94. Returning to his job with Pioneer Plastics Corporation on October 15, 1970 Bolduc agreed to the discontinuance of compensation. Discharged on June 7, 1971 from his employment for inability fully to perform his janitorial duties, he filed the instant petition on August 13, 1971 seeking further compensation based on total incapacity for work. The issue before us is, whether the Commission erred in allowing benefits on the basis of 50% partial disability? The appeal is denied.

We note initially that the plaintiff in his brief argues that, absent an express actual finding of fact by the Commission that the employee was suffering from partial or total disability, the Law Court is free to make its own specific findings from the evidence. We decry, as does the plaintiff, the failure of the Commission to make specific findings of the underlying facts supportive of the ultimate facts and conclusions of law. The Commission has a duty to make specific findings of the basic facts which in its view of the evidence support its final order. In this way, the Commission will establish an adequate basis in the record for proper review on appeal. The statute contemplates no less.[1] We might say, as did this Court

---

1. 39 M.R.S.A., § 99. Hearing and decision
   "If from the petition and answer there appear to be facts in dispute, the commissioner shall then hear such witnesses as may be presented, or by agreement the claims of both parties as to such facts may be presented by affidavits. If the facts are not in dispute, the parties may file with the commission an agreed statement of facts for a ruling upon the law applicable thereto. From the evidence or statements thus furnished the commissioner shall in a summary manner decide the merits of the controversy. His decision, *findings of fact* and rulings of law, and any other matters pertinent to the questions so raised shall be filed in the office of the commission, and a copy thereof attested by the clerk of the commission mailed forthwith to all parties interested. *His decision*, in the absence of fraud, *upon all questions of fact shall be final* but whenever in a decree the commission expressly rules that

in Leclerc v. Gilbert, 1957, 152 Me. 399, 131 A.2d 202, that the failure of the Commission to make an express finding of 50% partial incapacity for work in the instant case was "trivial," in that by a minimum of effort of one's deductive process, anyone would understand readily that such underlying fact by necessity had to be found before the Commission could reach the ultimate decision that compensation should be paid to the employee at the rate of 50%. The absence of findings of subordinate facts to shore up the finding of 50% disability for work cannot, however, be so easily dissipated, except that, in the instant case, the issue was not raised in the points on appeal and, on review, we believe the ultimate Commission decision has genuine support in the evidence. Specific findings of fact are more important on appeal than a recital of the evidence which serves at best a minimal purpose. We disapprove the practice.

▪ Compensability for work disability or loss of earning capacity under our Workmen's Compensation Act is conditioned upon inability, as the result of a work-connected injury, to perform or obtain work suitable to the employee's qualifications and training. See, 2 Larson, Workmen's Compensation Law, § 57.00. "An employee who is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonable stable market for them does not exist, may well be classified as totally disabled." 2 Larson supra, at section 57.51. "Inability to get work traceable directly to a compensable injury may be as effective in establishing disability, as inability to perform work." 2 Larson, supra, at section 57.60. See, Ray's Case, 1922, 122 Me. 108, 110, 119 A. 191.

▪ But, whether there is disability due to the injury, the nature and extent of such disability, whether total or partial, are all questions of fact upon which the finding of the Commissioner is final if there is any credible competent evidence to support it. White v. Monmouth Canning Company, 1967, Me., 228 A.2d 795; Cote v. Central Tire Company, 1972, Me., 290 A.2d 368; Crosby v. Grandview Nursing Home, 1972, Me., 290 A.2d 375.

▪ To show entitlement to compensation for total incapacity, Bolduc had the burden of proof and the duty to furnish evidence to the hearing Commissioner to convince him by the fair preponderance of the evidence that he, the plaintiff, had used reasonable efforts to obtain the kind of work which was within the tolerance of his physical condition and that he had failed, either because employers would not hire people with such limitational capacity to do the type of work which was within the plaintiff's capacity, or because there was no market in the area of the plaintiff's residence for the restricted work of which he was capable. Pelletier v. Pinette, 1969, Me., 259 A.2d 25; Levesque v. Shorey, 1972, Me., 286 A.2d 606.

"The term 'total incapacity' means such incapacity for work that the employee is unable to perform any services, either because of his physical inability to perform in a medical and/or neurological sense or by reason of unavailability, in or near the community in which he lives, *of the type of work* commensurate with his limited capacity, and ability to perform services which are so limited in quality, dependability, or quantity that a reasonable stable market for them does not exist, will not detract from his status of total disability." Levesque v. Shorey, supra.

▪ The Commission decree found that compensation should be paid to the [plaintiff] employee at the rate of 50%, being $35.62 per week in the event the employee does not find employment, and at varying

any party has or has not sustained the burden of proof cast upon him, the said finding shall not be considered a finding of fact but shall be deemed to be a conclusion of law and shall be reviewable as such." (Emphasis supplied.)

rates if he does until further order of the Commission. But this was not the totality of the decree; indeed, it further provided that "[t]he employee is urged to seek active employment." (Emphasis ours.) In so directing, the Commissioner was finding, albeit indirectly, either that the employee had not made reasonable efforts to find work within his limited capacity, or, if he had, that the unavailability of work was not due to his injury, but rather to a temporary depressed market in the area. Either finding relates to a question of fact and is supported by credible competent evidence. By express provision of 39 M.R.S.A., § 99 (footnote 1, supra), such findings have finality and are unassailable on appeal.

*Levesque,* supra, is not inconsistent with these results. In *Levesque,* the employee was a man of very limited education with no vocational skills or training of any kind, a wood cutter and wood skidder all his life. His impairment was related to his entire body. His place of residence was in the northern part of the State in Aroostook County. It is readily observable that employment opportunities for partially disabled persons might not be present in areas of Aroostook County, whereas similarly situated employees in the Lewiston-Auburn industrial complex area may find an existing market for their services.

True, the plaintiff Bolduc at the time of hearing was a man 59 years of age and his previous work experience and training consisted of driving trucks and operating bulldozers. He admitted to having been an instructor in the chipping and corking department in shipyards. These jobs, it is conceded, he could not perform because of his injury. However, his medical witness testified that Bolduc could do janitorial work which he had been doing for approximately eight months subject to the limitation that he could do no lifting or other work which would require abduction of his right shoulder. Bolduc himself admitted that he in fact was performing all janitorial work at Pioneer Plastics Corporation except the mopping and scrubbing, which he claimed he could not do. His search for work as a janitor without heavy lifting and mopping was limited to visits to the Unemployment Office and three separate business establishments in the Lewiston-Auburn area. He was told these employers were not hiring at that time.

The question to be decided by the Commission was whether plaintiff's inability to perform work or to obtain employment within his physical restrictions was traceable directly to the injury sustained in the accident or whether it was due rather to his failure to deploy reasonable diligence in seeking employment or to a temporary business depression. We cannot say, from the scanty evidence presented in this case, that the Commissioner was wrong, as a matter of law, in concluding that the plaintiff suffered only a 50% partial disability, and not a total disability. The Commissioner could find that there did exist a market in the area for the plaintiff's services and that the plaintiff's failure to find employment was due to his own fault in not exercising a reasonable effort in seeking work. Statements made at only two business establishments to the effect that no hiring was being done at the time cannot be viewed as evidence of a general disinclination of employers in the area to hire incapacitated men when sound men were available as was present in *Ray's Case,* supra.

The entry will be

Appeal denied. Ordered that an allowance of $350.00 to cover fees and expenses of counsel, plus cost of the record, be paid by the appellees to the appellant.

All Justices concurring.

POMEROY, J., did not sit.