Joseph A. CARDELLO

v.

MT. HERMON SKI AREA, INC. and/or Travelers Insurance Company.

Supreme Judicial Court of Maine.

April 22, 1977.

Allan Woodcock, Jr., Bangor, for plaintiff.

Rudman, Rudman & Carter by John M. Wallach, Richard J. Relyea, III, Bangor, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

The plaintiff was denied compensation by the Industrial Accident Commission for injuries received "while working as a National Ski Patroller" because it found no employer-employee relationship existed between the plaintiff and defendant. The accuracy of this conclusion forms the sole basis of the plaintiff's appeal, which we deny.

The facts, as found by the Commission, are these:

"The Commission finds that Joseph A. Cardello, the petitioner, was a member of the National Ski Patrol on January 16, 1975. Each member pays dues in the amount of $11.00 per year. Members do not receive any compensation from the National Ski Patrol. The National Ski Patrol is a volunteer professional organization. The National Ski Patrol provides a service to the ski area operator—To patrol the area for prevention of accidents and to render first aid treatment to skiers who have sustained personal injuries on the slopes. Each area has a patrol leader who is responsible for the recruiting, hiring, training and scheduling of patrollers. The ski patrol leader is responsible to the assistant regional director or regional director. To be eligible, members must complete successfully, a first-aid course given by the American Red Cross. In addition, an annual "mountain refresher" program is supervised by the patrol leader at each ski area.

The Commission also finds that petitioner was a ski patroller at the Mt. Hermon Ski area on January 16, 1975. While so patrolling Mr. Cardello sustained a personal injury to his right knee requiring surgery. The patrol leader was James Vickers. Petitioner was scheduled to patrol on Thursday nights and Saturday nights. Each member of the patroller's family would receive a season pass to ski at the reduced price of $10.00. Patrollers also received free liquid refreshments—coffee, soda or hot chocolate."

Plaintiff's claim for Workmen's Compensation benefits was rejected by the Commission because a) "there was no contract of hire since there was no intention that petitioner be paid," and b) "petitioner had no obligation to submit to the control of" the defendant.

Whether plaintiff received sufficient consideration for his services to undergird a contract of employment is a question we need not answer.[1] For the purposes of this opinion, we assume that plaintiff was not a "purely gratuitous worker." *Harlow v. Agway, Inc.,* 327 A.2d 856, 859 (Me.1974).

Since an employment contract will not be found to exist unless the employer retains *the right* to control the activities of an employee while performing the duties of his employment, we will direct our attention to the Commission's ruling on this issue.

■ The scope of appellate review of the Commission's findings of fact is limited. We have

---

1. Each patroller was entitled to free refreshments while patrolling and to reduced skiing rates for his entire family. The plaintiff was married and had five children, one of whom had utilized this family skiing privilege thirty-six times.

"no authority to deviate from findings of fact made by a Commissioner which are supported by competent evidence."

*Harlow v. Agway, Inc.,* 327 A.2d at 858. *See also Ross v. Oxford Paper Co.,* 363 A.2d 712, 716 (Me.1976); *Overlock v. Eastern Fine Paper, Inc.,* 314 A.2d 56, 60 (Me.1974).

However, we may examine the record to determine if the Commission, in dealing with established facts, misapplied the appropriate legal principles. *Crosby v. Grandview Nursing Home,* 290 A.2d 375, 379 (Me. 1972).

■ The plaintiff must assume the burden of proving 1) his employment by the defendant, and 2) that his personal injuries arose out of and occurred during the course of his employment. 39 M.R.S.A. § 51. *See also Madore v. Liberty National Bank,* 289 A.2d 36, 38 (Me.1972).

*In re Dudley,* 256 A.2d 592, 595 (Me.1969), held:

> "[T]he vital test to prove the existence of the employer-employee relationship is whether or not the employer has retained the right to control. The right to control . . . is best established by the right in the employer . . . to discharge the employee at will."

*See generally* 1A Larson's Workmen's Compensation Law, § 44.00 at 640.

■ It is the *right* to control and direct the employee's performance of his duties and the right to dismiss him, not the actual exercise of these rights, which gives rise to the employment relationship. *Owen v. Royal Industries, Inc.,* 314 A.2d 60, 62 (Me. 1974).

■ Our review of the record discloses facts which fully support the legal conclusion reached by the Commission that the defendant had no employment contract with the plaintiff which authorized the defendant to manage, control, or direct the plaintiff in the performance of his duties as a ski patroller. What the plaintiff did, when and where he did it, and his right to act as a patroller were determined by the officials of the National Ski Patrol, not by the defendant. If the defendant was dissatisfied with the plaintiff, or any other patroller, its only recourse was to suggest to the patrol leader that corrective measures be taken. The defendant had no authority to terminate a patroller's membership in the National Ski Patrol. Presumably, in the exercise of its property rights, the defendant might exclude the plaintiff from its ski slopes, but that gave the defendant no right to control the manner in which the plaintiff performed the duties of a patroller while on the slopes.

The Commission correctly ruled that the plaintiff was not an employee of the defendant and, therefore, not entitled to compensation for his injury.

The entry is:

Appeal denied.

It is further ordered that the appellee pay to the appellant $550.00 for his counsel fees, plus his actual reasonable out-of-pocket expenses of this appeal.

All Justices concurring.