Henry McQUADE

v.

VAHLSING, INC. and Insurance Company of North America.

Supreme Judicial Court of Maine.

Sept. 9, 1977.

---

Dunleavy Law Offices by Neale T. Adams, James P. Dunleavy, S. Bruce Fossett, Presque Isle, for plaintiff.

Richardson, Hildreth, Tyler & Troubh by Ronald D. Russell, Robert E. Noonan, Portland, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

During the course of his employment with the defendant, the plaintiff received an injury compensable under the Workmen's Compensation Act and, by approved agreement, began receiving compensation for total incapacity. Subsequently, the defendant filed a petition for review of incapacity and, after a hearing, the Industrial Accident Commission held that the plaintiff was not entitled to further compensation. This appeal ensued.

We sustain the appeal.

At the time of his injury the plaintiff was sixty-six years old and had worked as a farm laborer all of his adult life. While so employed by Vahlsing, Inc., the plaintiff fractured his left arm, which required hospitalization and surgical repair of the fracture.

The plaintiff's attending physician testified that the fracture had healed solidly, and although the plaintiff had "work capacity," he was left with a 15% to 20% permanent disability in the left arm.

In terminating compensation the Commissioner found that the plaintiff

"has recovered a substantial portion of his pre-accident work capacity. No doubt there are certain activities required in the work he did before his injury which he could not now do. On the other hand, he is receiving Social Security Retirement benefits indicating that to a great extent he has withdrawn from the labor market.

We conclude that this incapacity due to his injury has diminished to the extent where the pending Petition for Review should be sustained. Compensation may be terminated as of the date of this Decree."

Under the Workmen's Compensation Act an injured employee is entitled to compensation for total incapacity if he is totally disabled in the medical sense. *See Bowen v. Maplewood Packing Co.,* 366 A.2d 1116, 1118 (Me.1976). Additionally, an employee may receive compensation for total incapacity if he is partially disabled and

"he has engaged in a good faith effort to obtain work within the tolerance of his physical condition and . . . he failed, either because employers would not hire people of his limited capacity to do the work within his tolerance or because there was no market in his community for the restricted work of which he was capable."

*Dunkin Donuts of America, Inc. v. Watson,* 366 A.2d 1121, 1126 (Me.1976).

In a petition for review of incapacity, the employer bears the initial burden of showing that the employee has regained some work capacity. *See Connelly's Case,* 122 Me. 289, 119 A. 664 (1923). Once this burden has been met, the employee, in order to be entitled to compensation for total incapacity, must come forward with some evidence that he remains totally disabled, under either of the two concepts mentioned above. *Bowen v. Maplewood Packing Co., supra* at 1118. Finally, an employee who is not entitled to compensation for total incapacity may, nevertheless, be awarded compensation for partial incapacity if his *capacity to earn* has been impaired *as a result* of his work related injury. *See Bradbury v. General Foods Corp.,* 218 A.2d 673, 675–76 (Me.1966); *Milton's Case,* 122 Me. 437, 443, 120 A. 533, 535–36 (1923). *See generally* 39 M.R.S.A. § 55.

The Commission's findings of fact are final if supported by competent evidence. *See, e. g., Cardello v. Mt. Hermon Ski Area, Inc.,* 372 A.2d 579, 580–81 (Me. 1977); *Ross v. Oxford Paper Co.,* 363 A.2d 712, 716 (Me.1976). Whether, and to what extent, an employee is incapacitated for work is a question of fact. *See, e. g., Willette v. Statler Tissue Corp.,* 331 A.2d 365, 369 (Me.1975); *Dailey v. Pinecap, Inc.,* 321 A.2d 492, 495 (Me.1974).

Our difficulty with the decree in this case, having in mind the foregoing legal rules, stems from the fact that it contains no clear statement of the reasons underlying the conclusion that *all* compensation to the plaintiff be terminated. Such a conclusion *could* be consistent with a finding that the plaintiff had recovered *completely* from his work related injury, except that such finding would have conflicted squarely with undisputed medical opinion. The Commissioner *could* have found that the plaintiff continued to have a physical disability but was not entitled to compensation because, as a result of his acceptance of Social Security retirement benefits, any impairment of his capacity to earn was caused by his voluntary retirement, not his work related injury. Alternatively, he *could* have found that the plaintiff was accepting Social Security benefits simply because, being unemployed and sixty-six years old, he qualified therefor, but did not intend to retire from the labor market. We assume, of course, that the Commission acted with knowledge of the well settled rule that the mere receipt of Social Security benefits by a Workmen's Compensation claimant does not necessarily mean that he has withdrawn from the labor market nor does it necessarily mean that he no longer has earning capacity. *See Meyers v. Walsh Construction Co.,* 12 A.D.2d 371, 211 N.Y.S.2d 590, 591 (1961). *Cf. Black Diamond Coal Mining Co. v. Wilson,* 274 Ala. 220, 147 So.2d 810, 811 (Ala.1962).

We have repeatedly emphasized that

"[t]he Commission has the duty to make *specific* findings of basic ultimate facts upon which its order is predicated."

*Guerrette v. Fraser Paper, Limited,* 348 A.2d 260, 262 (Me.1975). *See also Bolduc v. Pioneer Plastics Corp.,* 302 A.2d 577, 579 (Me.1973); *Leclerc v. Gilbert,* 152 Me. 399, 131 A.2d 202, 203 (1957).

Here, we simply do not know what facts served as the basis for the order terminating compensation. This case is distinguishable from *Bolduc v. Pioneer Plastics Corp., supra,* and *Leclerc v. Gilbert, supra,* in which "by a minimum of effort of one's deductive process," we could ascertain what the Commissioner had to find in order to reach the ultimate decision. The Commissioner's order now under consideration could be based on two different findings of fact, neither of which he actually made and neither of which we can assume he intended

as the basis for the decree. *See Cayton v. National Sea Products,* 373 A.2d 1229 (Me. 1977). The entry is:

Appeal sustained.

The pro forma decree of the Superior Court is vacated. The case is remanded to the Industrial Accident Commission for further proceedings in accordance with this opinion.

It is further ordered that appellee pay to appellant $550.00 for his counsel fees plus his actual reasonable out-of-pocket expenses of this appeal.

All Justices concurring.