STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        DOCKET NO. CV-16-187 /


DANIELLE GEE,

            Plaintiff

      v.                                ORDER ON DEFENDANT'S
                                        MOTION FOR SUMMARY
TEAM PREP, LLC,                         JUDGMENT        REC'D CUMB CLERKS OF
                                                        JUN 1 '17 PM4:30
            Defendant


      Before the court is defendant's motion for summary judgment. For the following

reasons, the motion is granted.

FACTS

      In August 2011, defendant leased a portion of Camp Cedar campground to operate a

two-week soccer camp. (Supp'g. S.M.F. ¶ 1.) Harry Herbert was hired by defendant as a

soccer coach. (Id. ¶ 2.) Defendant's final soccer programs were held on the morning of

August 26, 2011. (Id. ¶ 4.) Mr. Herbert received his final pay by mid-day on August 26,

2011. (Id. ¶ 6.) After he was paid, Mr. Herbert had no additional work to do for

defendant. (Id. ¶ 7; Opp. S.M.F. ¶ 7.) Mr. Herbert and two other Team Prep

counselors/coaches remained at the camp the evening of August 26, 2011 because their

flights left the next day; the remaining Team Prep counselors/coaches left by mid-day on

August 26, 2011. (Supp'g. S.M.F. ¶¶ 5, 8.) Most of the campers left the camp by mid-

day on August 26, 2011. (Id. ¶ 5.)

      On the evening of August 26, 2011, at dusk, Mr. Herbert, plaintiff, and two others

rode in a golf cart. (Id. ¶¶ 9, 12.) A coach was permitted to use the carts after dark only

1

with permission of a Camp Cedar official. (Add'l. S.M.F. ¶ 20.) Mr. Herbert intended to take the cart on a lap around the entire camp and ultimately return the cart to the storage area. (Supp'g. S.M.F. ¶ 13; Opp. S.M.F. ¶ 13.) When Mr. Herbert lost control of the cart, plaintiff fell off and sustained injuries. (Supp'g. S.M.F. ¶ 16.)

CONCLUSIONS

The Restatement (Third) of Agency provides, in part:

> An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.

RESTATEMENT (THIRD) OF AGENCY § 7.07(2) (2006); Canney v. Strathglass Holdings, LLC, 2017 ME 64, ¶ 12, ___ A.3d ___; see also Cardello v. Mt. Hermon Ski Area, Inc., 372 A.2d 579, 581 (Me. 1977).

Plaintiff has offered no admissible, relevant evidence that raises a genuine issue of material fact that Mr. Herbert was acting within the scope of his employment with defendant on the evening of August 26, 2011. Mr. Herbert and Michael Borislow, the managing member of defendant, testified that when the games ended and pay was received on August 26, 2011, Mr. Herbert had no further employment-related work for defendant. (Supp'g. S.M.F. ¶ 7; Opp. S.M.F. ¶ 7.) Mr. Gee's opinions about defendant coaches' duties during the soccer camp and about his own status on August 26, 2011 are not relevant. Further, although Mr. Gee testified that some Team Prep staff remained to do work winding up the camp," he did not identify Mr. Herbert as among them. (Opp. S.M.F. ¶ 5.)

2

Plaintiff is not qualified to testify about the work status of employees of an organization for which she did not work. Plaintiff's impression was the coaches were on their duty. (Opp. S.M.F. ¶ 7.) When asked what the coaches were to do for defendant on the afternoon and evening of August 26, 2011, plaintiff focused on coaches' activities during the soccer camp. (Opp. S.M.F. ¶ 7; Pl.'s Dep. 12:11–14:9.) Although Mr. Herbert remained on the premises of Camp Cedar, by mid-day on August 26, 2011 the soccer games had ended and most of the campers and all but three counselors/coaches had departed. (Supp'g. S.M.F. ¶¶ 5, 7; Opp. S.M.F. ¶¶ 5, 7.) Plaintiff did not testify, as alleged in opposition to defendant's statement of fact, that "Herbert was still working for Team Prep at the time of her injuries." (Opp. S.M.F. ¶ 7.)

Additionally, plaintiff's opposing statement is not "separate, short, and concise," as required by the rule. M.R. Civ. P. 56(h)(2); see Knowlton v. Shaw, 791 F. Supp. 2d 220, 227 (D. Me. 2011) ("A Fractured Set of Facts"). Instead, plaintiff qualified or denied twelve of defendant's sixteen statements of undisputed facts, in many instances by improperly adding multiple additional facts, notwithstanding plaintiff's forty statements of additional facts. (See, e.g., Opp. S.M.F. ¶¶ 2, 3, 7 8, 10, 12.) Many of plaintiff's additional facts are not relevant, some are inaccurate, and at least one contains inadmissible evidence.

The entry is

> Defendant's Motion for Summary Judgment is GRANTED.
> Judgment is entered in favor of Defendant Team Prep, LLC
> and against Plaintiff Danielle Gee on Plaintiff's Complaint.

Date: June 1, 2017

Nancy Mills
Justice, Superior Court

3

RK OF COURTS
nberland County
ury Street, Ground Floor
tland, ME 04101

JAMES HADDOW ESQ
PETRUCCELLI MARTIN & HADDOW
PO BOX 17555
PORTLAND ME 04112-8555

RK OF COURTS
nberland County
ury Street, Ground Floor
rtland, ME 04101

DANIEL KAGAN ESQ
BERMAN & SIMMONS
PO BOX 961
LEWISTON ME 04243-0961