Carroll,
No. 4899.

GEORGE RUDY VALLEY *v*. WOLFEBORO & a.

Argued December 7, 1960.

Decided January 20, 1961.

*James J. Kalled* and *George W. Walker* (*Mr. Walker* orally), for the plaintiff.

*Walter A. Calderwood* and *Louis H. Silverman* (*Mr. Silverman* orally), for the defendants.

BLANDIN, J.   The plaintiff's first contention is that the Court erred in excluding certain questions put to a past and also a present highway agent of the defendant as to why the plaintiff was not re-employed by the town after his accident.   He claims that although he had been promised re-employment, he did not get his job back because the agents did not believe he could do the laborious work demanded on account of his injury.   The purpose of the questions was to bring out this fact.

The defendant's main objection to the introduction of the evidence rests on the argument that the answers at best could only have shown that the agents "were of the opinion that the petitioner

could not perform the work" and that this opinion had no bearing on the question whether the "petitioner could actually do the work; or in proving" that his earning power was diminished. We believe the objections, and the Court's ruling which the record discloses accepted the defendant's reasoning, missed the point. It is true that the evidence would have been inadmissible to prove the actual extent of the plaintiff's disability, since as to this it would clearly have been hearsay. *Caplan* v. *Caplan*, 83 N. H. 318, 321. However, it was relevant to show that the reason why they refused to rehire the plaintiff was because of his accident. *Dane* v. *MacGregor*, 94 N. H. 294, 297; *Caplan* v. *Caplan*, *supra*. If he could do the work but could not get re-employment on account of his injury, his "earning capacity [was] as much impaired as if he were physically disabled to the extent that he could do no work. If such cause and effect are presented, the precise way in which one operates to bring them about is of no importance." *Fennell's Case*, 289 Mass. 89, 94; see also, *Osterlund* v. *State*, 135 Conn. 498. The fact that the plaintiff was able to procure some work does not affect the admissibility of this evidence, since the undisputed testimony is that he had not been able to obtain the sort of permanent employment which he had formerly enjoyed. See *Peak* v. *Company*, 87 N. H. 350, 352.

If it may be argued that some of the questions were leading, the defendant's failure to suggest this ground at the time waived its rights to now raise the issue. *Gardner* v. *Company*, 79 N. H. 452, 457. In any event, the matter of leading questions was one for the Trial Court's discretion, which the record shows was not exercised here, and for this reason among the others mentioned, the plaintiff's exceptions to the Court's refusal to admit the evidence are sustained. *Reynolds* v. *Company*, 98 N. H. 251.

Since there must be a new trial, it seems advisable to take up certain matters as an aid to the Court in future proceedings. Defendant's request for "findings of fact and rulings of law" No. 11, to the granting of which the plaintiff excepted, reads as follows: "The wages earned by the Petitioner during this period [June to November 1958] were in excess of the wages he earned while employed immediately prior to his injuries and clearly demonstrate that he had suffered no loss of earning capacity." If this is to be understood as a ruling of law that these post-injury earnings showed conclusively no loss of earning capacity, it was error. *Dunbar Fuel Co.* v. *Cassidy*, 100 N. H. 397, 403.

The record discloses that the plaintiff had no special skills, experience or training to fit him for anything but manual labor as a truck driver, road worker, handy man, or in some similar capacity. In the *Dunbar* case, *supra,* an unskilled laborer such as the plaintiff here, suffered a twenty-five per cent loss of the use of one arm. Our court observed there that it was "generally known" that under normal conditions the earning capacity of an unskilled laborer "will be affected if the use of either of his arms is impaired." *Id.,* 403. The case was remanded with directions to the Trial Court to use its discretion in fixing an award of compensation for disability. *Id.,* 403-404. If upon retrial the excluded evidence discloses that the plaintiff was refused employment because of his physical disability it will be for the Trial Court to determine in the light of the finding that the plaintiff here has a "limited back motion as to forward and backward bending in the lower portion of his back" whether an impairment of earning capacity was established on the record as a whole.

The plaintiff finally raises the question as to the method by which average weekly post-injury earnings are to be computed under RSA 281:25 (supp) covering awards for partial disability, either temporary or permanent. *Carter* v. *Brown,* 102 N. H. 271. Since the Court decided there was no loss of earning capacity, the question was not reached in the present case. However, the statute provides that the claimant shall be entitled to two-thirds of the difference between his average weekly wages before the accident, as determined by RSA 281:2 V (supp) "and the average weekly wages which he is able to earn thereafter." Section 25 (supp) *supra.* We cannot speculate as to what facts the evidence in future proceedings may develop, but if this issue is reached, we believe the language of the Law as interpreted in *Latour* v. *Producers Dairy,* 102 N. H. 5; *Kacavisti* v. *Sprague Electric Co.,* 102 N. H. 266, and cases cited therein, will furnish a sufficient guide for the Trial Court.

The order is

*New trial.*

All concurred.