Wendell G. OVERLOCK

v.

**EASTERN FINE PAPER, INC. and/or
Travelers Insurance Company.**

Supreme Judicial Court of Maine.

Jan. 11, 1974.

Vafiades, Brountas & Kominsky by Eugene C. Coughlin, Lewis V. Vafiades, Bangor, for plaintiff.

Rudman, Rudman & Carter by Gene Carter, John M. Wallach, Bangor, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD, and DELAHANTY, JJ.

DELAHANTY, Justice.

This is an appeal from a pro forma decree in the Penobscot County Superior Court implementing a decision of the Industrial Accident Commission's award of benefits for total incapacity to the claimant-appellee.

Preceding consideration of issues as to the merits, we note the absence of findings of fact in the Commissioner's decree. We deem it quite appropriate to emphasize, indeed to pinpoint, by more than casual reference, an admonition directed to the Commission by this Court speaking through Mr. Chief Justice Dufresne in Bolduc v. Pioneer Plastics Corporation et al., Me., 302 A.2d 577, 579 (1973):

". . . we decry . . . the failure of the Commission to make specific findings of the underlying facts supportive of the ultimate facts and conclusions of law. The Commission has a duty to make specific findings of the basic facts which, in its view of the evidence supports its final order. In this way, the Commission will establish an adequate basis in the record for proper review on appeal. The statute contemplates no less."

Findings of fact and conclusions of law are directed by Statute 39 M.R.S.A. § 99. The Commission's failure to respond to its directed responsibility to make findings of fact and conclusions of law may well require this Court, in a future given instance, to remand a case to the Commission for findings of fact and conclusions of law thus impeding prompt appellate review. This Court should have before it the findings which are authority for a decision and constitute a basis therefor. Kennedy v. Thompson Lumber Company, 223 Minn. 277, 26 N.W.2d 459 (1947).

By a petition dated December 18, 1972, the claimant sought compensation for a personal injury sustained by accident and in the course of his employment. On February 6, 1973, a hearing was held before a commissioner. The claimant and John F. McGinn, an orthopedic surgeon, were the only witnesses.

The physician testified that on August 17, 1971, the claimant had a disc removed and a fusion carried out to remedy a prior injury. The claimant subsequently returned to his employment with Eastern Fine Paper, Inc. Around November 1, 1972, while engaged in his employment, he experienced a back injury when lifting a heavy object. Dr. McGinn recommended

conservative treatment and testified that the claimant had a limited work capacity and further testified that "(he) certainly couldn't return to the work he was doing," because ". . . (it) would be extremely bad for anyone with back trouble . . . lifting . . . and . . . reaching in an upright position which puts a tremendous strain on the back, and I did not feel he should return to that type of work." His physical condition limited him to "light work" according to Dr. McGinn.

The respondent-appellant suggests in argument, that the Commissioner's finding of total disability coupled with his failure to delineate findings of fact leaves unclear the basis upon which the ultimate finding is made, in that the Commissioner failed to identify whether the disability arises by reason of a causal connection between an injury sustained while in the course of employment which injury creates an incapacity for work in a medical sense; or an injury was sustained in the course of employment which creates a limited capacity for work in or near the community in which the claimant lives, of the type of work commensurate with his limited capacity, and the ability to perform services is so limited in quality, dependability, or quantity that a reasonable stable market for them does not exist.

The appellee concedes that there is no evidence of probative value in the record to support a finding that he is totally disabled in a medical sense. This concession is warranted in view of the claimant's testimony. With this concession, we agree.

"The term 'total incapacity' means such incapacity for work that the employee is unable to perform any services, either because of his physical inability to perform in a medical and/or neurological sense or by reason of unavailability, in or near the community in which he lives, of the type of work commensurate with his limited capacity, and ability to perform services which are so limited in

quality, dependability, or quantity that a reasonable stable market for them does not exist, will not detract from his status of total disability." Levesque v. Shorey, Me., 286 A.2d 606, 610, 611 (1972); Bolduc v. Pioneer Plastics Corporation et al., supra.

The burden of proof then rested upon the claimant to furnish evidence and establish by a fair preponderance of evidence that he has been totally disabled as of November 1, 1972, by showing that he had used reasonable efforts to obtain the kind of work which was within the tolerance of his physical condition and that he failed, either because employers would not hire people with such limitational capacity to do the type of work which was within the plaintiff's tolerance, or because there was no market in the area of the plaintiff's residence for restricted work of which he was capable. Pelletier v. Pinette, Me., 259 A.2d 25 (1969); Levesque v. Shorey, supra. There is ample medical testimony obtained through Dr. McGinn's assertion of claimant's incapacity as of November 1, 1972, that he "certainly couldn't return to the job he was doing," though he could do light work such as sweeping and lifting the debris in a shovel "as long as he is not lifting repeatedly heavy weights." We have no difficulty on this record to sustain the Commissioner's determination that the claimant has a limitation in employment to light work not to involve repetitive lifting. The Commissioner found as a fact that Overlock "has not been able to do any work since November 1, 1972, because of his back condition." (Italics added.) 39 M.R.S.A. § 99 provides in part that a decision of the Commission "in the absence of fraud, upon all questions of fact shall be final."

Though the claimant graduated from high school and thereafter obtained vocational training in oil burner servicing and was previously employed for two and one-half years as an oil burner serviceman, it is highly unlikely that his medically limited work capacity would permit such employ-

ment by reason of the very nature of that type of work. This, the Commissioner could reasonably infer from the evidence before him.

The only work experience that the claimant could obtain following his accident and commensurate with his physical limitations was a position taking inventory at Woolco's Department Store. The inventory was completed in two days, after which the claimant was released.

The claimant also testified that the response of most of the employers to whom he applied for a job was that his rejection was due to his back injury.

Although admissible in some states, Maine does not permit hearsay evidence in Workmen's Compensation hearings. Mailman's case, 118 Me. 172, 106 A. 606 (1919); Larrabee's case, 120 Me. 242, 113 A. 268 (1921); Goldthwaite v. Sheraton Restaurant et al., 154 Me. 214, 145 A. 2d 362 (1958). In the present case, however, the hearsay rule is not applicable. The extrajudicial utterance was not offered for the truth of the matter asserted. 6 Wigmore on Evidence, 3rd Ed. § 1766. The employers' statements were introduced for the purpose of establishing the fact that the party-claimant relied upon the statements and acted accordingly. The utterance was used as circumstantial evidence, presented to show that the employers had notice of the back injury and that the claimant operated in the belief that he was rejected because of his back and that his employment search was conducted in good faith with diligence. Id. § 1789.

The claimant was merely reporting the information on which he acted. "Where the question is whether a party has acted prudently, wisely, or in good faith, the information on which he acted, whether true or false, is original and material evidence and not mere hearsay." Friend v. Hamill, 34 Md. 298 (1870);

Ohio Associated Tel. Co. v. N. L. R. B., 192 F.2d 664 (6th Cir. 1952). This logic holds true even when the information upon which the party acts is based on reasons advanced by a third person to explain his conduct. American Co-op. Serum Ass'n. v. Anchor Serum Co., 153 F.2d 907 (7th Cir. Cir. 1946).

In the present case, we are not concerned with the actual reason that any single given employer refused to hire the claimant, but rather our interest is in whether the claimant presented sufficient evidence of a pattern of employment application experiences that the Commissioner could make a reasonable inference that a stable market for the employment of an individual with the claimant's physical incapacities did not exist. For this purpose, evidence which might for other purposes be hearsay is admissible. Valley v. Town of Wolfeboro, 103 N.H. 162, 167 A.2d 58 (1961).

As we analyze the record, it becomes evident that the Commissioner determined the employee's total disability ". . . by reason of unavailability, in or near the community in which he lives, of the type of work commensurate with his limited capacity, and ability to perform services which are so limited in quality, dependability, or quantity that a reasonable stable market for them does not exist." Levesque v. Shorey, supra. The Commissioner had before him evidence sufficient to sustain the claimant's burden of proof that he diligently and in good faith made reasonable efforts to find work commensurate with his limited physical capacity. The claimant made disclosure of his "physical impairment" on each application for employment. The Commissioner could well find that each application was followed by personal interview. He could also reasonably infer that the plaintiff's failure to obtain work after reasonable efforts, diligently and in good faith made, was causal-

ly related to his "total disability" and not "to any fault of his, nor to a general business depression, but was apparently due rather to a general disinclination on the part of persons requiring help to employ maimed or crippled men when sound men are available." Ray's case, 122 Me. 108, 119 A. 191 (1922); Bolduc v. Pioneer Plastics Corporation et al., supra.

"Disability due to injury, the nature and extent of such disability, whether total or partial, are all questions of fact upon which the finding of the Commissioner is final if there is any credible competent evidence to support it." White v. Monmouth Canning Company, Me., 228 A.2d 795 (1967); Cote v. Central Tire Company, Me., 290 A.2d 368 (1972); Crosby v. Grandview Nursing Home, Me., 290 A.2d 375 (1972).

■ There must be competent evidence to support a decree. It may be slender but it must be evidence, not speculation, surmise or conjecture. Mailman's case, supra; Taylor's case, 127 Me. 207, 142 A. 730 (1928). A decision of the Commissioner will not be reversed where the finding is supported by rational and natural inferences from proven facts. Mailman's case, supra.

The Commissioner's finding that

" . . . the petitioner received a personal injury by accident on November 1, 1972 . . . that petitioner is entitled to the maximum compensation rate of $81.14 per week . . . that Wendell Overlock has been totally disabled as of November 1, 1972"

is not erroneous in law, and thus the entry must be,

Appeal denied.

Ordered that an allowance of $350.00 to cover fees and expenses of counsel, plus cost of the record, be paid by the appellants to the appellee.

All Justices concurring.