**Wendell G. OVERLOCK**

v.

**EASTERN FINE PAPER, INC., and Travelers Insurance Company.**

Supreme Judicial Court of Maine.

March 17, 1977.

Vafiades, Brountas & Kominsky by Eugene C. Coughlin, III, Bangor, for plaintiff.

Rudman, Rudman & Carter by John M. Wallach, Bangor, for defendants.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

WERNICK, Justice.

On January 11, 1974, in a decision which upheld an Industrial Accident Commission award of compensation to Wendell G. Overlock, as an employee of Eastern Fine Paper, Inc., this Court, pursuant to a provision of 39 M.R.S.A. § 103, [1]

"[o]rdered that an allowance of $350.00 to cover fees and expenses of counsel, plus

---

1. This provision reads:
"In all cases of appeal the law court may

order a reasonable allowance to be paid to the employee by the employer for expenses

cost of the record, be paid by the appellants [the employer and its insurance carrier] to the appellee." *Overlock v. Eastern Fine Paper, Inc.*, Me., 314 A.2d 56, 60 (1974)

Payment was made in compliance with the order.

On October 2, 1974 Overlock filed a Petition (for Attorney fees) with the Industrial Accident Commission alleging that the reasonable value of the legal services rendered him during the appeal proceeding greatly exceeded the $350.00 allowance of this Court. Petitioner asked that under authority purportedly conferred by 39 M.R.S.A. § 110[2] the Commission award him the balance of his reasonable appeal expenses not covered by the order of this Court. A stipulation of the parties indicated this balance to be $646.25.

Concluding that 39 M.R.S.A. § 110 gave it power to "grant Attorney's Fee for services rendered at the appellate level", the Commission

"[o]rdered that Attorney's Fee be paid in the amount of $646.25 in addition to the amount awarded by the Law. Court."

By appropriate proceedings the employer Eastern Fine Paper, Inc., and its insurance carrier Travelers Insurance Company, have appealed to this Court.

We sustain the appeal.

We decide that the power granted the Law Court by 39 M.R.S.A. § 103 is plenary

and exclusive and, therefore, the Commission is entirely without power to order an award of an employee's expenses incurred as an incident of an appeal proceeding. This Court had occasion recently, in *Gordon v. Maine Reduction Company, Inc.*, Me., 358 A.2d 544 (1976), to discuss the history of the power of the Law Court to award an employee his reasonable appeal expenses. It came into being in 1929, and until 1965 was plenary and exclusive since, as n.3, (358 A.2d p. 550) of *Gordon* discloses,

"[i]n 1929 the statutes made no provision for an order for counsel or costs for the employee at the Commission level—and, in fact, did not do so until 1965 (P.L.1965, ch. 408, § 11)."

The question now to be decided is whether by the 1965 grant of power to the Commission (as presently embodied in 39 M.R.S.A. § 103) the Legislature undertook to modify the Law Court's plenary and exclusive power to determine the allowance for the employee's appeal expenses.

We find nothing in the textual language of the 1965 statute,[3] or in the purposes we may take to have motivated its enactment, plainly indicating such a legislative intent. We therefore conclude that the Law Court's power to award an employee his reasonable appeal expenses remains unaffected by the particular powers granted the Commission in 1965; the Law Court's power continues, as it had been from its origin in 1929, plenary and exclusive.[4]

---

incurred in the proceedings of the appeal including the record, not however to include expenses incurred in other proceedings in the case."

**2.** 39 M.R.S.A. § 110 provides:

"When the commission or commissioner finds that an employee has instituted proceedings under this chapter on reasonable grounds and in good faith or that the employer through or under his insurance carrier has instituted proceedings under this chapter, the said commission or commissioner may assess *the employer costs of witness fees and a reasonable attorney's fee*, when in the commission's or commissioner's judgment the said witnesses and the services of the said

attorney were necessary to the proper and expeditious disposition of the case."

**3.** The "disposition of the case" language of Section 110, in particular because it operates in conjunction with the concept of "witness fees" as well as "attorney's fee", may reasonably be taken as contemplating an evidentiary proceeding. It is thus too ambiguous to support the position of the Commission that "case" connotes the *entirety* of the proceedings by which the employee's claim is ultimately determined with finality and therefore includes the appellate level.

**4.** The Commission, and counsel for the petitioning employee, have called to our attention a single case, *Steele v. A.D.H. Building Contractors, Inc.*, Fla., 196 So.2d 430 (1967), in support

Undoubtedly aware of the unseemliness of its pretension to have power—exercised as here—to override a determination by the State's Court of last resort as to the "reasonable" value of the appeal costs incurred by an employee, the Commission has "suggested" that the

"Law Court should not be burdened with the additional task of determining what is a reasonable fee in appeal cases"

and should establish the practice of ordering a

"remand to the Commission with instructions to assess reasonable attorney's fee *pursuant to Section 110."* (emphasis supplied)

Our decision herein makes plain that the Commission's concern is gratuitous. There is no real possibility of conflict between the Commission and the Law Court making necessary, or appropriate, recourse to the Commission's suggested course of practice; the power of the Law Court being plenary and exclusive, the Commission is utterly without power in the premises. Further, if, at any time, the Law Court should be of opinion that the

"task of determining what is a reasonable fee in appeal cases"

may be too burdensome, the Law Court may then see fit to exercise *its own* plenary and exclusive power under Section 103 by determining, initially, that the employee deserves an award of reasonable appeal expenses and thereafter delegating to the Commission responsibility to ascertain what amount is "reasonable." [5] We stress that if ever such practice is undertaken, the Commission would not be exercising a power of its own (under Section 110) but would act only as the instrumentality, by delegation, of the Law Court's exercise of the Law Court's plenary and exclusive power under Section 103.

The entry is:

*Appeal sustained; judgment of the Superior Court vacated; case remanded to the Commission with instructions that the Commission vacate its decision ordering an attorney fee paid in the amount of $646.25 and dismiss the employee's Petition.*

*It is further ordered that the appellants pay to the appellee $550.00 for his counsel fees, plus his actual reasonable out-of-pocket expenses of this appeal.*

All Justices concurring.

---

of their claim that power reposes in the Commission to determine the reasonableness of the employee's appeal expenses even in the face of an already existing independent determination of the matter by the Law Court itself.

However, we find the Florida Workmen's Compensation statutes, its system for awarding compensation and its structure for the judicial enforcement and appellate review of Commission decisions in workmen's compensation matters so fundamentally different from ours in Maine that whatever the import of this Florida decision—itself not entirely clear to us,—we derive no guidance from it.

5. In n.5, (358 A.2d p. 550) of *Gordon v. Maine Reduction Company, Inc.,* supra, this Court noted that until 1941 it had remanded to the Superior Court "for the fixing" of the reasonable amount of the employee's expenses on appeal, but "a new practice was initiated in 1951 in *Boyce's Case,* 146 Me. 335, 81 A.2d 670 (1951) in which the Law Court itself fixed the expenses and ordered their payment. This practice has prevailed since 1951."