382 A.2d 1045 (1978)
Philip E. GADDIS
v.
GEORGIA-PACIFIC CORPORATION.
Supreme Judicial Court of Maine.
March 3, 1978.
Vafiades, Brountas & Kominsky by Marvin H. Glazier (orally), Bangor, for plaintiff.
Mitchell, Ballou & Keith by Kevin Cuddy (orally), Bangor, for defendant.
Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD and GODFREY, JJ.
PER CURIAM.
In 1969, appellant Philip E. Gaddis suffered injury to his ankles and back when he fell from a forklift in the course of his employment for Georgia-Pacific Corporation. He received compensation by agreement for total incapacity. In 1971, a decree was entered reducing the compensation to cover only partial incapacity. In 1975, appellant filed a petition for further total compensation, which the Industrial Accident Commission denied. This timely appeal follows the entering of a pro forma decree in Superior Court affirming that denial.
We deny the appeal.
Appellant concedes that he is only partially incapacitated from a medical standpoint. He contends, however, that having made an unsuccessful but good faith effort to find suitable work in his community, he is entitled to compensation for total incapacity *1046 under the rationale of Bowen v. Maplewood Packing Co., Me., 366 A.2d 1116 (1976).
At the hearings held before the Commission, it appeared that appellant had gone back to Georgia-Pacific looking for light work in 1973, 1974 and 1975. No such work was available however. In 1975, appellant went to ten businesses in his community seeking light work. In 1976, he reapplied to five of those businesses. All his efforts to find suitable work have been unsuccessful to date. Appellant never applied directly to the Maine Employment Security Office. Based on this evidence, the Commission found that it was "hard to understand why a diligent, good faith search for work during the past six years has failed to produce any offer for light work or part-time work." The Commission was "unable to conclude that because of his injuries, no work of any nature is available to Mr. Gaddis in the area where he resides."
In order to prove total incapacity as a result of partial incapacity combined with inability to secure suitable work, appellant must meet a bipartite burden of proof. He must come forward with evidence of a good faith effort to find work and must show that that effort failed "either because employers in his community would not hire people with such a limited capacity to do the type of work within his tolerance, or because there was no reasonably stable market in his community for that restricted work of which he was capable." Bowen v. Maplewood Packing Co., supra at 1118-19. Here, the Commission evidently found that the first burden had not been met and that appellant therefore was not entitled to compensation for total disability.[1]
It is now settled law in Maine that the Commission's finding on whether a good faith effort to find work has been made is a mixed question of law and fact. Jacobsky v. D'Alfonso and Sons, Inc., Me., 358 A.2d 511 (1976). Findings that actual efforts were made to obtain work are factual. The evaluation of the reasonableness of those efforts, however, is a mixture of law and fact requiring an appellate court to "examine the reasonableness and legality of [the Commission's] ultimate conclusions with deference to [its] relevant expertise." Id. at 515.
Here the Commission's expertise consisted of knowledge of the available work in the area in which appellant sought employment. Furthermore, the relatively small number of applications made during a period extending over a considerable number of years provides a reasonable basis for the Commission's evaluation of appellant's efforts. Giving the Commission's finding the deference to which it is entitled, and having found independently that the Commission's finding was reasonable, the entry must be:
Appeal denied.
Judgment affirmed.
Further ordered that the appellee pay to the appellant an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.
DELAHANTY, J., did not sit.
NICHOLS, J., did not sit.
NOTES
[1] Appellant argues that the Commission made no explicit finding that no good faith effort had been made. We disagree. The clear implication of the language of the decree quoted in this opinion demonstrates to the contrary.