William F. LANCASTER

v.

COOPER INDUSTRIES and/or Transcontinental Insurance Company.

Supreme Judicial Court of Maine.

May 23, 1978.

Wright & MacMichael, P. A., by James MacMichael (orally), Carl R. Wright, Skowhegan, for plaintiff.

Mitchell, Ballou & Keith by Kevin M. Cuddy (orally), John W. Ballou, Bangor, for defendant.

Before DUFRESNE, C. J., and WERNICK, POMEROY, ARCHIBALD, DELAHANTY and GODFREY, JJ.

POMEROY, Justice.

In 1974 the appellee, William Lancaster, was injured in the course of his employment for Cooper Industries (Cooper). The injury occurred when appellee caught his left hand in a machine, amputating his little finger and a portion of his ring finger on his left hand. Cooper then agreed to pay appellee compensation for total incapacity for an indefinite period of time. In 1975, however, Cooper petitioned the Industrial Accident Commission for review of incapacity claiming that appellee's incapacity had diminished or ended. Appellee then filed a petition seeking an award of vocational rehabilitation under 39 M.R.S.A. § 52.

Finding that appellee was only partially incapacitated but that he had "made reasonable efforts to seek work commensurate with his physical limitations but such work is not available in the area where he resides," the Commission dismissed the petition for review of incapacity. Appellee's petition for an award of vocational rehabilitation, however, was granted on the grounds that the Commission found that "vocational rehabilitation is necessary and desirable to restore the injured employee to gainful employment," and "the program submitted by the Vocational Rehabilitation Counselor . . . is feasible and hereby adopted by this Commission." From the pro forma decree entered in Superior Court affirming the Commission's decision Cooper now appeals.

We deny in part and sustain in part.

Cooper first contends, in regard to its petition for review of incapacity, that the Commission's conclusion that appellee was unable to find work commensurate with his physical limitations is ambiguous, requiring a remand for clarification. If the conclusion should be deemed unambiguous, however, Cooper next argues that there was no competent evidence to support the conclusion. We disagree with both contentions.

■ We find that the Commission's conclusions that appellee sincerely desired to work, that he had made reasonable efforts to find work within his physical limitations, and that such work was not available in his community, demonstrate both the Commission's acknowledgement and its application of the proper legal standards. Where an employee has suffered only partial incapacity, but has made a good faith effort to secure work, the employee may receive compensation for total disability where he has also shown that the efforts to find work failed "either because employers in his community would not hire people with such a limited capacity to do the type of work within his tolerance, or because there was no reasonably stable market in his community for that restricted work of which he was capable." *Bowen v. Maplewood Packing Co.,* Me., 366 A.2d 1116, 1119 (1976). The Commission's stated conclusions regarding appellee's attempts to find work reflect that the Commission found that appellee had made a good faith effort to find work but that no reasonably stable market existed in appellee's community for the kind of work appellee was able to perform. While the phrasing of the decree was not as precise as it might have been, we believe the decree is not so ambiguous as to require a remand.

■ We further find that the award of compensation for total incapacity is supported by competent evidence. In a petition for review of incapacity the employer has the *ultimate* burden of proof, as contrasted to the situation where the employee, as the moving party, must prove the extent of incapacity. *Fecteau v. Rich Vale Construction, Inc.,* Me., 349 A.2d 162, 164, n.1 (1975). In order to meet its burden in a petition for review, the employer must prove prima facie that the employee has recovered some work capacity. Once this burden has been met, the employee has the burden of coming forward with evidence of his reasonable but unsuccessful efforts to find work. *Id.* at 164; *Martel v. United States Gypsum Co.,* Me., 329 A.2d 392, 394–95 (1974). In this case, Cooper does not appear to attack the Commission's finding that the employee had met one portion of his burden of going forward—namely, that appellee had demonstrated that he had made a reasonable good faith effort to find work. Cooper's contentions focus solely on whether appellee met his other portion of the burden by showing some evidence of the absence of a stable market for someone with his limited work capacity.

■ The reasonableness of a work search is a mixed question of law and fact requiring an appellate court to examine the reasonableness of a Commission's ultimate conclusions while giving deference to the Commission's expertise. *Gaddis v. Georgia-Pacific Corp.,* Me., 382 A.2d 1045; *Jacobsky v. D'Alfonso and Sons, Inc.,* Me., 358 A.2d 511 (1976). In contrast, the question of market stability is a pure question of fact. As such, the Commission's findings will not be

reversed if supported by rational and natural inferences from proven facts. *Overlock v. Eastern Fine Paper, Inc.*, Me., 314 A.2d 56, 60 (1974).

Here there was evidence that appellee had approached many different employers in his attempts to find work but that none of them was willing to hire him. It may well be true, as Cooper points out, that the area in which appellee sought work is economically depressed. That some of appellee's rejections were economically motivated, however, is insufficient to require a conclusion that appellee failed in his burden of going forward to show unstable job market. *Cf. Bowen v. Maplewood Packing Co.*, at 1120–21. The Commission's findings must be sustained on this point.

We sustain Cooper's appeal, however, insofar as it relates to the award of vocational rehabilitation.

39 M.R.S.A. § 52 provides in pertinent part:

. . . . .

"Whenever, because of the nature of such injury or the subsequent condition of the employee following such injury, it appears that vocational rehabilitation is *necessary and desirable to restore the injured employee to gainful employment,* the employee shall be entitled to *reasonable and proper* rehabilitation service . . . ." (emphasis supplied)

At the hearings before the Commission it appeared that Mr. Hayford, a Vocational Rehabilitation Counselor for the Industrial Accident Commission, recommended that appellee receive vocational rehabilitation by attending a six to twelve-week course at the Nationwide Tractor Trailer School in Rhode Island. Mr. Hayford believed that appellee would be physically able to work as a tractor-trailer operator. Appellee indicated that he would be willing to do such work. No showing of any kind, however, was made to demonstrate that this type of work would actually be available to appellee upon his completion of the course.

There is no authority in Maine, and little elsewhere, which defines the burdens of proof that must be met to support an award of vocational rehabilitation. We note first that the burden of proving entitlement to vocational rehabilitation must lie with appellee, the petitioner in this case. To hold otherwise would violate the well established principle in workman's compensation cases that the moving party has the burden of proof. *See Houle v. Tondreau Bros. Co.*, 148 Me. 189, 91 A.2d 481 (1952); *Baker's Case,* 143 Me. 103, 55 A.2d 780 (1947).

The issue squarely before us now, therefore, is the question what are the essential elements of a claim for vocational rehabilitation. 39 M.R.S.A. § 52 provides a dual test that must be met before such an award may be granted. The Commission must find both that some vocational rehabilitation is "necessary and desirable to restore the injured employee to gainful employment" and also that the proposed rehabilitation service is "reasonable and proper."

In the present case, appellee has established that he is totally incapacitated, having demonstrated both his physical disability and his inability to find work within his physical limitations. His total incapacity necessarily means that he has at present no opportunity for gainful employment. He thus has made a sufficient showing that some vocational rehabilitation is "necessary and desirable to restore [him] to gainful employment." We find, however, that the second test was neither acknowledged by the Commission nor met by appellee.

In its decree, the Commission found that the proposed rehabilitation program was "feasible." Such a finding cannot be deemed the equivalent of a finding that the program is "reasonable and proper." In the instant case, for example, it may well be "feasible" for appellee to attend the Nationwide Tractor Trailer School. That fact alone does not demonstrate that his attendance is reasonable and proper, however, since it may be that appellee, either through choice or through circumstances, may not be in a position to work as a tractor-trailer operator upon completion of

the course. Such a result would be unreasonable and improper since the purposes of providing vocational rehabilitation—to restore the employee to gainful employment and to relieve the employer from the necessity of making some further compensation—would be defeated.

 Even if the proper standard had been applied by the Commission, we still find that appellee failed in his burden of proof. While there was a showing that appellee was "interested" in becoming a tractor-trailer operator, there was no evidence of any kind that appellee stood any reasonable chance of getting employment which he would be willing to take after completion of his training. We note further that other elements should be considered by the Commission in its consideration of a petition for vocational rehabilitation. The "necessary and desirable" and "reasonable and proper" tests require consideration also of the relative costs and benefits to be derived from the program, the employee's work-life expectancy, and his ability and motivation to undertake the program, his prospects for recovering work capacity through medical rehabilitation or other means, and other factors that logically become relevant on the facts of each particular case.

Here, the conclusion is unavoidable that the Commission committed an error of law in awarding vocational rehabilitation upon the limited showing made by the appellee in this case.

We remand the case to the Commission for further hearings on the matter of vocational rehabilitation.

The entry must be:

Appeal denied in part and sustained in part.

Judgment of the Superior Court vacated insofar as it affirmed the decree of the Industrial Accident Commission awarding vocational rehabilitation.

Remanded to the Industrial Accident Commission for further proceedings consistent with the opinion herein.

Further ordered that the appellant pay to the appellee an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.

WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ., and DUFRESNE, A. R. J., concur.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.