Leonide MICHAUD

v.

THAYER HOSPITAL ASSOCIATES and
Aetna Casualty & Surety Company.

Supreme Judicial Court of Maine.

Sept. 9, 1978.

Alan C. Sherman (orally), Waterville, for plaintiff.

Clyde L. Wheeler, P.A. (orally), Waterville, for defendants.

Before POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.[1]

On October 23, 1974, Leonide Michaud sustained a compensable lower back injury during the course of his employment as a night supervisor of the housekeeping staff

1. Mr. Justice Dufresne sat at oral argument and participated in consultation while he was Chief Justice, and, on order of his successor, Mr. Chief Justice McKusick, was empowered and authorized to continue his participation in the case in his capacity of Active Retired Justice.

of Thayer Hospital Associates (Thayer). Pursuant to an agreement entered into between the parties, Michaud was receiving compensation benefits for total incapacity. On November 7, 1975, Thayer's insurance carrier filed a petition for review of Michaud's incapacity with the then Industrial Accident Commission,[2] contending that Michaud was no longer totally incapacitated from engaging in gainful employment. 39 M.R.S.A. § 100 (1964) (amended 1973). After hearing testimony presented at four separate sessions, the Commissioner dismissed the petition. From a pro forma judgment of the Superior Court affirming the Commissioner's decision, both Thayer and its insurance carrier have seasonably appealed.

We deny the appeal.

■ The instant petition for review of incapacity, as contemplated by 39 M.R.S.A. § 100, as amended, must needs be grounded on some change respecting the injured employee's disability, such as a change from the incapacity found to exist by earlier determination of the Commission or as agreed upon by the parties with Commission approval and his alleged present condition. *Martel v. United States Gypsum Co.*, Me., 329 A.2d 392 (1974); *Dufault v. Midland-Ross of Canada, Ltd.*, Me., 380 A.2d 200, 203 (1977).

> "Only changes in circumstances of disability or causation occurring *after* the decree or agreement count in support of making a change in compensation payments." (Emphasis in original). *Dufault v. Midland-Ross of Canada, Ltd.*, supra, at 204.

Here, the employer through its insurance carrier (hereinafter referred to as the employer) contends that Michaud's total incapacity to work which resulted from the compensable injury of October 23, 1974 has diminished or ended and that appropriate relief should be granted from its present existing duty to pay compensation benefits for total incapacity.

■ On a petition for review of incapacity, the employer has the ultimate burden of proving, as the moving party, that, since the time of the earlier determination, the employee has regained some work capacity, i. e. that the condition of total incapacity as in this case caused by the compensable injury has diminished or entirely ceased. *Dailey v. Pinecap, Inc.*, Me., 321 A.2d 492 (1974); *Dufault v. Midland-Ross of Canada, Ltd.*, supra, at 204 (1977); *Lancaster v. Cooper Industries*, Me., 387 A.2d 5, 7 (1978).

Our Court has held that the employer does meet the burden of proof respecting a change in the employee's total incapacity to work, at least prima facie, when medical evidence in the case, acceptable to and believed by the factfinder, establishes that the employee has regained an ability to perform some work ordinarily available in the community. *Lancaster v. Cooper Industries*, supra.

■ When prima facie proof of some work capacity has been made, then the employee, to defeat reduction or suspension of compensation, whichever may be indicated by the prima facie proof, must come forward with evidence that he has made reasonable efforts to obtain the kind of work for which he is then suited, but has been unsuccessful in obtaining such work either because of his existing incapacity or because such work is in fact not then available in the community. *Lancaster v. Cooper Industries*, supra; *Dufault v. Midland-Ross of Canada, Ltd.*, supra; *Fecteau v. Rich Vale Construction, Inc.*, Me., 349 A.2d 162, 164 (1975); *Martel v. United States Gypsum Co.*, supra; *Pelletier v. Pinette*, Me., 259 A.2d 25 (1969).

■ In the instant case, the medical evidence from doctors in the orthopedic specialty was to the effect that Michaud had capacity to engage in some gainful employment, although of a limited nature. Dr. Victor Parisien, as of November 26, 1975, diagnosed Michaud's condition as a rup-

---

2. The name of the Industrial Accident Commission was changed to Workers' Compensation Commission by Public Laws, 1978, c. 612.

tured lumbar disc and gave it as his opinion that Michaud could do very light work such as clerical work, but no lifting, pulling or bending, and he would have difficulty in putting in eight hours of clerical work. Dr. Tatsuo Watanabe, as of February 9, 1976 when Michaud refused to have a myelogram as recommended, was of the opinion that the condition of his patient would not change and that he would have to put up with the pain the rest of his life. The doctor placed limitations on whatever work Michaud would engage in: he should not lift more than fifty pounds; he should not use a floor buffer constantly, no more than ten to fifteen minutes within an hour; he should avoid frequent kneeling. Dr. John McGinn, on a single examination, found no real orthopedic problem and felt that Michaud should continue his back support, but could return gradually to his regular work, i. e. start off with light work and increase to janitorial work, such as sweeping, picking up waste baskets, washing and cleaning.

After a recital of the evidence, the Commissioner made the following findings in his decree:

"The Commission finds that the incapacity for which the employee is being compensated has not diminished or ended. Mr. Michaud's condition is still the same. He has severe low back pain radiating to his left leg. It is suspected that he has a ruptured disc at the L 4–5 area. Any physical activity or movement aggravates his symptoms. Conservative treatment has resulted in no improvement. Myelography and possible surgery have been advised. Mr. Michaud's refusal to undergo a myelogram is not in issue before this Commission. It has been suggested that Mr. Michaud should try to do some clerical work—avoiding lifting, bending, kneeling and twisting. He is unable to read or write the English language very much. *He has made reasonable efforts to*

secure *some light work as of February, 1976 but no such work is available to him.*

"The Petition for Review of Incapacity is hereby dismissed." (Emphasis provided).

The reference decree was issued on August 20, 1976, following hearings held on January 20, March 1, May 25 and June 24, 1976. It is obviously based on the rule of law that an employee who has regained some work capacity following a prior determination of total incapacity may still be entitled to compensation benefits for total incapacity and to a dismissal of his employer's petition for review of incapacity, if the credible evidence in the case shows that the employee has used reasonable efforts to obtain the kind of work for which he is then suited, but failed to obtain such work, either because of his existing incapacity or because such work is in fact not then available in the community.

The employer contends that the Commissioner's finding that Michaud "has made reasonable efforts to secure some light work as of February, 1976 but no such work is available to him" as a basis to support his ultimate conclusion "that the incapacity for which the employee is being compensated has not diminished or ended," is arbitrary and without a rational basis. We disagree.

■ The reasonableness of an employee's search for work is a mixed question of law and fact requiring an appellate court to examine the reasonableness of a Commission's ultimate conclusions while giving deference to the Commission's expertise. The question of market stability, however, is a pure question of fact. *Lancaster v. Cooper Industries,* supra, at 7.

Even though Michaud's search for work was not continued beyond February, 1976 while the case was pending before the Commission, except for a return in April at Thayer's,[3] his former employer, to see if he

---

3. Michaud testified that he was then told by the Personnel Director at Thayer Hospital that there was no job for him either at night or in the daytime at the hospital, nor was there any office work for him, but that he would call him

in within a couple of days. Michaud never heard from him thereafter.

The Legislature by Public Laws, 1971, c. 417 (39 M.R.S.A. § 66–A) did thrust upon former employers of persons suffering a compensable

could not be given light work there, we cannot say that the employee's efforts to seek work were not reasonable under the circumstances of this case.

The Commissioner's finding that no light work is available to Michaud, given the restrictions under which he could engage in "light work" within his limited capacity, is supported by competent evidence and is final. *McQuade v. Vahlsing, Inc.,* Me., 377 A.2d 469 (1977); *Bowen v. Maplewood Packing Co.,* Me., 366 A.2d 1116 (1976).

The entry will be

Appeal denied.

Judgment affirmed.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550, together with his reasonable out-of-pocket expenses for this appeal.

injury which disables the employee from performing his customary work the duty to transfer him to work suitable to his physical condition where such work is available, during the time that the employee is subjected to medical treatment or rehabilitation, or both.

In the instant case, the employee had made a prima facie case entitling him to preference treatment by his former employer in connection with his work rehabilitation status, which meant that his former employer, pursuant to 39 M.R.S.A. § 66–A, had the duty to extend to its injured employee the opportunity to exercise his right to have first call on any job suitable to his physical condition which actually existed at the time or became open to be filled. The personnel director's failure to follow through on his promise to call him in within a couple of days could possibly be a flagrant violation of the statute. This new legislation which was not brought in issue in this case was interpreted by this Court in *Roy v. Sanborn's Motor Express, Inc.,* Me., 377 A.2d 1158 (1977).

We need not decide what impact the statute may have on the employer's burden of proof in a petition for review of incapacity, i. e. whether the employer, besides demonstrating that the employee has regained some work capacity, must also establish the unavailability of suitable employment in the employer's business, to make a prima facie case shifting to the employee the burden of going forward with evidence that he has used reasonable efforts to obtain the kind of work for which he is then suited, but failed to obtain such work, either because of his existing incapacity or because such work is in fact not then available in the community. The employer failed to prove a change in the circumstances of Michaud's work capacity, and, therefore, the possible issue of a violation of 39 M.R.S.A. § 66–A is mooted.