Bernard GRANT

v.

GEORGIA–PACIFIC CORP.

Supreme Judicial Court of Maine.

Nov. 22, 1978.

David J. Fletcher (orally), Jane M. Eaton, Calais, for plaintiff.

Mitchell, Ballou & Keith by Kevin M. Cuddy, Bangor (orally), for defendant.

Before POMEROY, WERNICK, DELA-HANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

On October 11, 1973, appellant incurred a work-related injury to his back while employed by appellee. As a result of the injury, an agreement was reached and later approved, whereby appellee compensated appellant for a total disability. Payments had been made pursuant to that agreement for less than a year when appellee sought a review of incapacity. Following a hearing, the Industrial Accident Commission [1] (Commission) entered a decree reducing appellant's disability to 25%. His weekly payments were reduced accordingly. No appeal was taken from that decree.

On December 12, 1975, appellee sought a second review of appellant's work capacity.

1. The name of the Industrial Accident Commission was changed to Workers' Compensation Commission by P.L.1978, c. 612.

After two hearings, the Commission found that appellee had satisfied its burden of showing appellant's substantial work capacity and, therefore, terminated all compensation to appellant. The record is silent as to whether any appeal was taken.

In July, 1976 appellant underwent the last in a series of operations on his back. Finding he was still unable to work, appellant filed for further compensation alleging total incapacity *arising from the injury incurred on October 11, 1973.* Two more hearings were held before the Commission, after which appellant was found to be totally disabled. Compensation was ordered at the rate of $88.52 per week.

The final stage of the events leading to this appeal occurred on March 21, 1977 when appellee filed its third petition for review of incapacity.

At the hearings before the Commission, appellant's physician testified that appellant *"may try* [some work] *without heavy lifting"* and that *"I think it may be a good idea for him to try and see what he can do."* [2] From the testimony of the physician, the Commissioner concluded that appellant was *"not wholly without work capacity from a medical point of view and he might be able to perform certain jobs if he earnestly attempted to do so."* (Emphasis supplied). Having reached such conclusion, the Commission downgraded appellant's disability from 100% to 80% and cut his weekly payments to $56.64.

Appellant thereupon petitioned for a pro forma decree in the Superior Court, Washington County, from which he now appeals.

We sustain the appeal.

Appellant raises two related issues which he claims require reversal of the Commission's order. Essentially, appellant argues that neither the medical testimony that he *"may try"* some work, nor the Commission's finding that *"he might be able to perform certain jobs,"* are sufficient to support a conclusion that he has regained work capacity.

Recent pronouncements by this Court have made it clear that a petition for review of incapacity addresses itself solely to *"[a] change of circumstances since the time of the earlier determination . . . of the employee's disability . . . ."* Van Horn v. Hillcrest Foods, Me., 392 A.2d 52 (1978), *citing Dufault v. Midland Ross of Canada, Ltd.,* Me., 380 A.2d 200 (1977). As the moving party, the employer carries the burden of showing that such a change has in fact occurred. *Lancaster v. Cooper Industries,* Me., 387 A.2d 5 (1978). To satisfy its burden, the employer must establish through medical testimony that an employee has *"regained an ability to perform some work ordinarily available in the community."* *Michaud v. Thayer Hospital Associates,* Me., 391 A.2d 1193 (1978); *see also Van Horn v. Hillcrest Foods, supra.*

In reviewing the decree in this case, we are not unaware of the well-settled rule that this Court will not disturb a factual finding [3] by the Commission absent a showing that it lacks competent evidence to support it. *Dunkin Donuts of America v. Watson,* Me., 366 A.2d 1121 (1976). We point out, however, that although slender evidence may be sufficient, it must be evidence, not speculation, surmise or conjecture. *Overlock v. Eastern Fine Paper,* Me., 314 A.2d 56 (1974).

Assuming that the Commission's finding that appellant *"might"* be able to do some work is sufficient to support a conclusion of regained work capacity, we turn to the question of whether medical testimony, limited to the conclusion that an employee *"may try"* to work, is adequate to satisfy an employer's burden of proof.

We think not.

As noted above, an employer must show that the employee in question has, since the most recent determination of his

---

2. *Appellant testified that he could only stand or sit for an hour and a half before the pain in his back forced him to lie down.*

3. The nature and extent of an employee's disability is a question of fact. *Dunkin Donuts of America v. Watson,* Me., 366 A.2d 1121 (1976).

disability, regained an ability to perform some work. In the instant case, appellee elicited testimony showing only that appellant *"may try"* to work, and *"I think it may be a good idea to try and see what he can do."* Completely lacking is any showing that his physician has concluded he has in fact any present work capacity. To say it may be a *"good idea for him to try and see what he can do,"* is a far cry from saying *"in my opinion, he does have work capacity."* On the contrary, the physician made it clear his judgment as to work capacity was reserved until after appellant had completed a trial work period so that he could demonstrate what he could or could not do.

We cannot hold that the physician's expressed thought that *"it may be a good idea for him to try and see what he can do,"* is sufficient to support a finding of changed circumstance.

Since we have determined that the Commission erred in finding that appellee had satisfied its burden of proof, we need not reach appellant's second argument.

The entry must be:

Appeal sustained.

Judgment vacated.

Remanded to the Superior Court for remand, in turn, to the Workers' Compensation Commission for further proceedings consistent with this opinion.

It is further ordered that employer pay employee $550 for his counsel fees plus his actual out-of-pocket expenses of this appeal.

McKUSICK, C. J., sat at oral argument, but participated no further.

ARCHIBALD, J., did not sit.