Arnold L. BILLINGS

v.

RALPH E. CURTIS & SON, INC., et al.

Supreme Judicial Court of Maine.

Nov. 20, 1979.

Marshall T. Cary (orally), Bangor, for plaintiff.

Mitchell, Ballou & Keith by Stephen J. Burlock (orally), Peter M. Weatherbee, Bangor, for defendants.

Before WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

NICHOLS, Justice.

On November 5, 1976, Arnold L. Billings sustained injuries when the truck-tractor he was operating skidded on a snow-covered hill. He seasonably petitioned for worker's compensation, naming as Respondents both the owner of the vehicle, Leo Cote, and Cote's lessee of that vehicle, Ralph E. Curtis & Son, Inc.

Upon appeal to this Court, we affirmed the judgment below that the owner, and not the lessee, was Billings' employer within the meaning of the Workers' Compensation Act. *Billings v. Ralph E. Curtis & Son, Inc.*, Me., 400 A.2d 377, 379 (1979).

Without waiting for that appeal to be decided, on January 5, 1979, Billings' attorney, Marshall T. Cary, brought his own petition before the Workers' Compensation Commission, asserting that neither the owner nor the lessee had paid him for the services he had rendered to Billings, and praying for counsel fees, costs and punitive damages.

By agreement of counsel no evidentiary hearing was held on this petition.

The Commission concluded that under the pertinent statute, 39 M.R.S.A. § 110,[1] it was

1. 39 M.R.S.A. § 110 provides as follows:
   When the commission or commissioner finds that an employee has instituted proceedings

under this chapter on reasonable grounds and in good faith or that the employer through or under his insurance carrier has

empowered to assess an attorney's fee only against the party found in the proceeding to be the petitioner's employer. It ordered the employer, Leo Cote, to pay Billings' attorney a total of $1,078.38 for services rendered and expenses incurred in proceedings before the Commission.

This decree was entered May 16, 1979, a month after our Court had affirmed the Commission's earlier decision that Leo Cote was Billings' employer within the meaning of the Act.

When pursuant to the decree of May 16, 1979, the Superior Court, in Penobscot County, entered a pro forma decree, Attorney Cary promptly appealed therefrom to this Court.

It appears that Leo Cote carried no worker's compensation insurance, but that Ralph E. Curtis & Son, Inc., was so insured. Attorney Cary contends that he is entitled to an award of an attorney's fee and costs against both Respondents named in the original petition which Cary had prepared for his client, Arnold L. Billings.

Where the Act expressly empowers the Commission to assess costs of witness fees and a reasonable attorney's fee against the employer; and where, as in this case, the Commission finds that there is an employer within the meaning of the Act, it can make such assessment only against that employer.[2]

The Commission correctly followed the Act when it directed Leo Cote alone, and not both Respondents, to pay this fee for Arnold Billings.

The entry will be:

Appeal denied.

Judgment affirmed.

McKUSICK, C. J., and POMEROY and ARCHIBALD, JJ., did not sit.

instituted proceedings under this chapter, the said commission or commissioner may assess the employer costs of witness fees and a reasonable attorney's fee, when in the commission's or commissioner's judgment the said witnesses and the services of the said attorney were *necessary to the proper and expeditious disposition of the case.*

2. As to the exclusiveness of such attorneys' fees as are allowed by the Commission *see Gordon v. Maine Reduction Co., Inc.,* Me., 358 A.2d 544, 549–552 (1976). As to the exclusiveness of such attorneys' fees on appeal as are allowed by this Court *see Overlock v. Eastern Fine Paper, Inc.,* 371 A.2d 121, 122–123 (1977).