**Robert E. DeROCHE**

v.

**BANGOR ROOFING AND SHEET METAL COMPANY and American Mutual Insurance Companies.**

Supreme Judicial Court of Maine.

March 7, 1980.

Garth K. Chandler, Bangor (orally), for plaintiff.

Mitchell & Stearns by John Woodcock (orally), Peter Weatherbee, Bangor, for defendants.

Before McKUSICK, C. J., and GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ.

PER CURIAM.

Plaintiff-employee appeals from a pro forma decree of the Superior Court (Penobscot County) entered upon a decision of the Workers' Compensation Commission that reduced the amount of weekly payments for plaintiff's work-related disability. Plaintiff sustained a compensable injury to his back on October 6, 1976, and had been receiving compensation for total disability under an approved agreement with defendant-employer. On the employer's petition for review of incapacity filed January 30, 1978, the commissioner determined that plaintiff is now partially (70%) disabled and has "a light work capacity." The commissioner further determined that plaintiff "did not use reasonable effort to obtain work within the tolerance of his physical condition."

The extent of a worker's incapacity is a question of fact upon which the commissioner's finding is conclusive if supported by competent evidence. *E. g., Crocker v. Eastland Woolen Mill, Inc.*, Me., 392 A.2d 32 (1978). There was ample evidence to support the commissioner's finding that plaintiff is only partially disabled. One physician testified that plaintiff's condition had recently improved and specifically that plaintiff no longer complained about pain after prolonged sitting or standing or about "deep left leg pain radiating down from the back." A second physician testified that in his opinion plaintiff had the capacity to do moderate work, such as pumping gasoline.

During the entire sixteen-month period between the filing of the petition and the taking of additional testimony on June 4, 1979, plaintiff had applied to only three employers. Between June 4 and June 25, 1979, when the final testimony was heard by the commissioner, plaintiff applied to seventeen employers. We agree with the commissioner that this limited job search did not satisfy plaintiff's obligation to engage in a good faith effort to obtain work within the tolerance of his physical condition. *See Harrington v. Goodwin's Chevrolet, Inc.*, Me., 400 A.2d 358 (1979); *Gaddis v. Georgia-Pacific Corp.*, Me., 382 A.2d 1045 (1978). The commissioner could reasonably have concluded that the flurry of activity in June—undertaken in anticipation of the closing of evidence in this matter—did nothing to alter plaintiff's demonstrated lack of good faith or persistence in his job search during the sixteen months prior to June 4, 1979.

The entry will be:

Appeal denied.

Pro forma decree of the Superior Court affirmed.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $350.00 together with his reasonable out-of-pocket expenses for this appeal.

WERNICK, J., did not sit.